IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD J. HIJECK | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-0530-G |
| | § | |
| MENLO LOGISTICS, INC. d/b/a | § | |
| MENLO WORLDWIDE LOGISTICS | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Plaintiff Donald J. Hijeck, by and through his attorney, has filed a motion for sanctions as

a result of defendant's failure to appear at mediation through an executive officer with full settlement

authority. The order requiring the parties to participate in mediation provides, in pertinent part:

> The named parties shall be present during the entire mediation
> process and *each party which is not a natural person must be
> represented by an executive officer (other than in-house counsel) with
> authority to negotiate a settlement (the authority required shall be
> active, i.e., not merely the authority to observe the mediation
> proceedings but the authority to negotiate, demand or offer, and bind
> the party represented).* Counsel and the parties shall proceed in a
> good faith effort to try to resolve this case.

Order, 10/3/07 at 1-2 (emphasis added). At the mediation held on November 2, 2007, defendant was

represented by Christine Pedalino, a Human Resources manager. Defendant concedes that Pedalino

is not an executive officer of Menlo Logistics, Inc. ("Menlo"), but maintains that she had full

authority to negotiate a settlement at mediation within a predetermined range. According to

defendant, the failure to have an executive officer attend the mediation was due to an oversight by

counsel, "not the result of bad faith or the fault of the client." (*See* Def. Resp. at 2). The issues have

been fully briefed by the parties and the motion is ripe for determination.

At oral argument held on December 10, 2007, counsel for plaintiff clarified that her motion is based on the court's inherent power to sanction bad faith conduct occurring during litigation. *See Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995). However, the Fifth Circuit has cautioned that such power must be exercised with "restraint and discretion." *See Gonzalez v. Trinity Marine Group, Inc.*, 117 F.3d 894, 898 (5th Cir. 1997). Thus, the inherent power to sanction a litigant or counsel should be confined to instances of "bad faith or willful abuse of the judicial process." *Id.* Judged against this high standard, the court is unable to say that defendant's failure to have an executive officer attend mediation was the result of bad faith. Rather, the court finds that such failure was due to an oversight by counsel. Moreover, defendant participated in the mediation through its lead counsel and a corporate representative who had full authority to settle the case within a predetermined range. While the failure to bring an executive officer to the mediation violated the court's order, there is no evidence that the mediation process was rendered meaningless as plaintiff suggests.

For these reasons, plaintiff's motion for sanctions [Doc. #28] is denied.[1]

SO ORDERED.

DATED: December 10, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Although the court would be inclined to order a second mediation, at which time defendant would be required to appear through an executive officer with full settlement authority, counsel for plaintiff has indicated that her client cannot afford to pay his share of the costs of a second mediation.